UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61316-CIV-ZLOCH

STEPHEN SHEER,

      Plaintiff,

vs.                                                        **FINAL ORDER OF REMAND**

CLAIRE'S STORES, INC.,

      Defendant.
_____/

THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

Plaintiff Stephen Sheer initiated the instant action in the Seventeenth Judicial Circuit, Broward County, Florida.  Defendant Claire's Stores, Inc. timely filed a Notice Of Removal (DE 1) to this Court wherein it alleged that this action would otherwise properly be brought in federal court.  Specifically, the Notice Of Removal alleges that the above-styled cause could be brought before this Court pursuant to its diversity jurisdiction.  28 U.S.C. § 1332 (2006).

Pursuant to 28 U.S.C. § 1447(c) (2006), this Court may, sua sponte, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.  Whether an action filed in state court may properly be removed to federal court is determined from the record at the time the notice of removal is

filed.  See Pullman Co. v. Jenkins, 305 U.S. 534 (1939).  The Court notes that the federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists.  United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 10 (1799).

Furthermore, in-state defendants lack the ability to remove diversity actions to federal court in certain circumstances detailed below.

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2006) (emphasis added).  Defendant Claire's Stores, Inc. is a citizen of Florida and has been properly served. See DE 1, Ex. 1.  Thus, the above-styled cause has been improperly removed and must be remanded to state court.

Accordingly, after due consideration, it is

ORDERED AND ADJUDGED as follows:

1. The above-styled cause be and the same is hereby REMANDED to state court;

2. The Clerk of the United States District Court, Southern

2

District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 0831925; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____21st____ day of August, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court (Certified Copy)
Broward County, Florida
Case No. 0831925